1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Desert Extrusion Corp., an Arizona)   CV-02-2180-PHX-JAT
    corporation,                       )
10                                      )
              Plaintiff,               )   **ORDER**
11                                      )
       v.                              )
12                                      )
    K2, Inc., a California corporation, and)
13  Shakespeare Company Monofilament)
    Division, a division of K2, Inc.,     )
14                                      )
              Defendant.               )
15                                      )
                                        )
16  _____)

17       Pending before the Court is Plaintiff's Motion under Rules 59 and 60 for modification

18  of Order and Relief From Judgment (Doc. #89).  Defendant has filed a Response (Doc. #94).

    Plaintiff did not file a Reply.[1]
19
         Plaintiff seeks relief from Judgment on two theories: 1) with respect to the Exhibit 501
20
    package, the Court granted summary judgment in Plaintiff's favor; however, the Order was
21
    not a final judgment because damages had not been calculated; and/or 2) with respect to the
22
    Exhibit 500 package, the Court improperly *sua sponte* granted summary judgment in favor
23
    of Defendant, but material issues of fact exist requiring a trial on infringement.  In its
24
    Response, Defendant disputes that either of Plaintiff's two theories entitle Plaintiff to relief,
25

26  _____
         [1]  The Court notes that on its Motion, Plaintiff requests oral argument.  The Court
27  deems this request to be both withdrawn and waived based on the fact that Plaintiff
    elected not to file a reply to Defendants' response which the Court finds to be an
28  admission that Plaintiff does not deem any more elaboration on the issues to be necessary.

but argue that the judgment should, nonetheless, be set aside because the Court failed to address Defendant's counterclaim for declaratory judgment that the patent is invalid; therefore, Defendants also argue that the Order was not a final order.

1.    Exhibit 501 package

Defendants argue that entry of judgment with no award of damages with respect to the Exhibit 501 package was proper because the parties previously entered into an agreement wherein Defendants paid Plaintiff a royalty for each of the 50,000 Exhibit 501 trimmer line packages  manufactured by Defendant (and Defendant manufactured only  50,000 Exhibit 501 trimmer line packages).  However, in the Order on Summary Judgment on Patent Infringement, the Court stated, "Based on the evidence Defendants have submitted relating to the purported settlement agreement, the Court finds no support for Defendants' contention that Plaintiff is contractually barred from asserting a[n] infringement claim with respect to Exhibit 501.  In particular, Defendants have failed to cite to language in the documents they have submitted indicating that Plaintiff waived any infringement claim."  Order at 9.

Based on the prior holding of the Court, the Court agrees with Plaintiff that damages are still outstanding with respect to Exhibit 501.[2]  Therefore, the Court will grant Plaintiff's Motion, in part, and reopen the case with respect to damages as they relate to Exhibit 501.[3]  An order setting a final pretrial conference will follow.

2.    Defendants' counterclaim for declaratory judgment

Defendants state that they agree that the final judgment in this case should be vacated because Defendants filed a counterclaim for a declaratory judgment declaring the patent to

_____

[2]  Damages may include both monetary damages and any claim for equitable relief preserved in the Complaint.

[3]  Nothing in this Order, or the previous Order, shall be interpreted as limiting what either party may argue with respect to damages.  In particular, the Court has not held as a matter of law that the settlement agreement between Plaintiff and Defendants did not represent Plaintiff's full measure of damages.  Instead, the Court has found that there is an issue a fact for trial regarding whether Plaintiff has any additional infringement damages beyond those compensated in the settlement agreement (and Defendants are free to argue that the settlement agreement was full compensation).

be invalid.  In their response to Plaintiff's Motion for Summary Judgment on Section 102 defenses, Defendants conceded that their defenses (under Section 102) of patent invalidity based on prior art were withdrawn because, based on the way the Court construed the claim following the Markman hearing, those defenses were no longer available.  However, in that same response, Defendants asserted that they still planned to show that the patent was invalid based on obviousness at trial.  Therefore, Defendants conclude that the judgment should be vacated so they can litigate the issues asserted in the counterclaim.  As indicated above, Plaintiff did not reply to Defendants' response.

The Court agrees with Defendants that the issue in the counterclaim, at least as it relates to patent invalidity based on obviousness, has not been resolved.  Therefore, the judgment will be vacated as it relates to this issue.

As discussed above, the Court will proceed to trial on Plaintiff's damages based on the grant of summary judgment in favor of Plaintiff with respect to 50,000 Exhibit 501 packages.  As part of this trial, while Defendants may not contest literal infringement because the Court has already found literal infringement as a matter of law, Defendants may offer evidence and argue that the patent is invalid based on obviousness as a theory of why Plaintiff is not entitled to damages.  Defendants may also propose special forms of verdict on this issue.

3.    Grant of Summary Judgment on Exhibit 500 package

Plaintiff argues that the Court's grant of summary judgment in favor of Defendants on the Exhibit 500 package was inappropriate.  Plaintiff argues it was inappropriate because: 1) Plaintiff did not have "notice" that a grant of summary judgment against it was possible; therefore, Plaintiff did not present all if its evidence; and, 2) under the doctrine of equivalents, there are disputed issues of fact requiring that this issue go to trial, even if there was no literal infringement.

With respect to Plaintiff's first argument, if no disputed issues of fact exists, the Court may, *sua sponte*, grant a motion for summary judgment. *Gospel Missions of Amer. v. City of L.A.* 328 F.3d 548, 553 (9th Cir. 2003).  Such a result is particularly appropriate in this case because Plaintiff moved for summary judgment on this issue admitting that there were no

1   disputed issues of fact.  Accordingly, relief on this basis will be denied.

2          Next, Plaintiff argues that, viewing the facts in the light most favorable to Plaintiff,

3   the Court erred in finding that Defendants were entitled to summary judgment that the

4   Exhibit 500 package did not infringe Plaintiff's patent under the doctrine of equivalents.

5   Under the doctrine of equivalents, a party may argue infringement, if certain requirements

6   are met, even when there is not literal infringement. *Warner-Jenkinson Co., Inc. v. Hilton*

7   *Davis Chem. Co.*, 520 U.S. 17, 30 (1997).  In layman's terms, there can be infringement if

8   the new product is the equivalent of the patented product.  However, there are some

9   limitations to the doctrine of equivalents.

10          The limitations on the doctrine of equivalents include that a plaintiff cannot argue

11  infringement under the doctrine of equivalents when a claim was defined in a way that

12  specifically excluded some subject matter, but the argument under the doctrine of equivalents

13  would include the subject matter previously specifically excluded.  *SciMed Life Sys. v.*

14  *Advanced Cardiovascular Sys.*, 242 F.3d 1337, 1346 (Fed. Cir. 2001).  Further, if the new

15  subject matter being compared under the doctrine of equivalents is the opposite of the literal

16  meaning of the original claim term, the opposite subject cannot be found to infringe the

17  original subject under the doctrine of equivalents.  *Id.*

18          In the prior Order, the Court found both: 1) that the cylindrical backing sheet used by

19  Defendants in their product was specifically excluded under the definition of the claim

20  (which required the backing sheet to be flat); and, 2) that, in fact, a cylindrical backing sheet

21  was the opposite of a flat backing sheet.  Therefore, the Court found, as a matter of law, that

22  Plaintiff could not pursue an infringement claim under the doctrine of equivalents because

23  two exceptions to the doctrine of equivalents prevented such an argument.[4]

24

25          [4]  Alternatively, Defendants also argue that another exception to the doctrine of
    equivalents precludes Plaintiff from arguing infringement based on the doctrine of

26  equivalents in this case.  Specifically, Defendants state that Plaintiff distinguished three
    prior art packages in obtaining its patent.  Defendants go on to argue that to permit

27  Plaintiff to advance the theory under the doctrine of equivalents that Plaintiff has
    advanced in this case would necessarily encompass the previously distinguished prior art.

28  Defendants then conclude that the doctrine of equivalents is also limited such that an

Nonetheless, Plaintiff argues that it was inappropriate for the Court to grant summary judgment on the doctrine of equivalents because the issue of whether the products are equivalent is always a question of fact for the jury. Motion at 4. However, as Defendant notes, the scope of permissible equivalents, including the all elements rule and specific exclusion principle at issue in this case, is a question of law. Response at 6, *citing Seachange Int'l Inc. v. C-Cor Inc.*, 413 F.3d 1361, 1378 (Fed. Cir. 2005). Therefore, the Court's grant of summary judgment based on the scope of permissible equivalents was appropriately a question of law.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion Under Rules 59 and 60 for Modification of Order and Relief From Judgment (and memorandum in support thereof) (Doc. #89 and Doc. #90) is granted in part and denied in part as indicated above;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall vacate the Judgment entered on September 23, 2005 (Doc. #87) and reopen this case;

**IT IS FURTHER ORDERED** that the Order setting final pretrial conference will follow.

DATED this 29th day of November, 2005.

_____
James A. Teilborg
United States District Judge

---

equivalents argument may not be so broad as to encompass prior art that would have prevented the patent from being obtained from the patent office originally. Response at 5, *citing Wilson Sporting Goods Co. v. David Geoffrey & Assoc.*, 904 F.2d 677, 684 (Fed. Cir. 1990)(*overrule on other grounds*). Because the Court did not reach this argument in the Order granting summary judgment, the Court again declines to reach this argument in this Order.